UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COVANCE, INC., <br>     Plaintiff, <br> v. <br> INCLIN, INC., et al., <br>     Defendants. | Case No. 16-cv-00429-YGR (MEJ) <br><br> **DISCOVERY ORDER** <br> Re: Dkt. No. 49 |

## INTRODUCTION

Pending before the Court is the joint letter brief filed by Defendants InClin, Inc. ("InClin") and Hope Davies ("Davies") (collectively, "Defendants") and Plaintiff Covance, Inc. ("Covance" or "Plaintiff"). The Letter Brief addresses InClin's Interrogatories to Plaintiff, Set One, Nos. 11 and 23 and Defendants' Request for Production of Documents, Set One Nos. 6, 8, 42, and 47. Ltr., Dkt. No. 49; *see also* Reqs. & Resps., *id.*, Ex. A, Dkt. No. 49-1. Defendants also request attorneys' fees and costs they incurred in preparing the Letter Brief. *Id*. at 2. The presiding judge, the Honorable Yvonne Gonzales Rogers, referred this case for discovery to the undersigned judge. Referral Order, Dkt. No. 50. In accordance with the undersigned's Discovery Standing Order, the parties have met and conferred in person, but have been unable to resolve their disputes. *See* Status Rept., Dkt. No. 59. Now, having considered the parties' positions, relevant legal authority, and the record in this case, the Court issues the following Order.

## BACKGROUND[1]

Covance and InClin are competing contract research organizations that provide services to

---

[1] The parties did not provide a joint background section in their letter; accordingly, the Court's background section reflects facts outlined in the parties' Joint Case Management Statement. *See* Jt. Case Management Stmt. at 1-2, Dkt. No. 34 (providing a joint factual background); *see also* Compl., Dkt. No. 1.

the pharmaceutical and biotechnology industries. Davies was employed by Covance from 2007 until her voluntary departure in March 2015. She worked in Covance's Madison, Wisconsin office. Davies is now an employee of InClin. This action arises out of Defendants' alleged misappropriation of Covance's trade secrets and other confidential business information. Covance alleges Davies disclosed its trade secrets and confidential business information to InClin, and InClin induced Davies, and possibly other former Covance employees, to breach their respective confidentiality agreements with Covance for InClin's benefit. Covance contends that despite promises to fully investigate Covance's allegations and to return Covance's trade secrets and confidential business information, InClin has failed to do so. The Complaint includes claims for misappropriation of trade secrets in violation of the California Uniform Trade Secrets Act, Cal. Civ. Code §§ 3246 et seq. ("CUTSA"), breach of contract, breach of confidential relationship, intentional interference with contractual relationship, and violations of California's Unfair Competition Law, Cal. Bus. & Profs. Code §§ 17200, et seq. *See* Compl., Dkt. No. 1.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26 provides that a party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Factors to consider include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* Discovery need not be admissible in evidence to be discoverable. *Id.* However, "[t]he parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes." Fed. R. Civ. P. 26 advisory committee notes (2015 amendments). Thus, there is "a shared responsibility on all the parties to consider the factors bearing on proportionality before propounding discovery requests, issuing responses and objections, or raising discovery disputes before the courts." *Salazar v. McDonald's Corp.*, 2016 WL 736213, at *2 (N.D. Cal. Feb. 25, 2016); *Goes Int'l, AB v. Dodur Ltd.*, 2016 WL 427369, at *4 (N.D. Cal. Feb. 4, 2016) (citing advisory committee notes for proposition that parties share a

"collective responsibility" to consider proportionality and requiring that "[b]oth parties . . . tailor their efforts to the needs of th[e] case").

Rule 26(c) "confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including by (1) prohibiting disclosure or discovery; (2) conditioning disclosure or discovery on specified terms; (3) preventing inquiry into certain matters; or (4) limiting the scope of disclosure or discovery to certain matters. Fed. R. Civ. P. 26(c)(1).

## DISCUSSION

The Court addresses each of the discovery requests below, then Defendants' request for costs and attorney's fees.

### A. Interrogatory 11 and Request for Production 42

The Complaint alleges Covance and InClin are "direct competitors" but Defendants dispute this allegation. Compl. ¶ 11. Consequently, Defendants request the names of Plaintiff's customers and all documents "relating to and referencing" the clients serviced by Covance's Madison, Wisconsin office during the time Davies worked there (Reqs. & Resps. at 3, 11[2]) "so that they can compare them to InClin's own customers" (Ltr. at 1). They contend their requests are "limited" and only seek the names of customers and no further information about them. *Id.* at 1-2. They also argue the Protective Order (Dkt. No. 39) addresses "[a]ny concerns about confidentiality[.]" Ltr. at 2.

Plaintiff questions the logic of Defendants' theory and the relevance of this discovery, noting "under Defendants' faulty reasoning, Covance and InClin could not possibly be competitors if Covance's Madison office has not worked with a customer for which InClin also worked." *Id.* at 3. They contend "Defendants' requests are thus nothing more than an improper attempt to gain access to Covance's confidential customer list." *Id.*

---

[2] The Court utilizes the PDF or ECF-assigned page numbers.

While neither party provides any case law for their position, the Court agrees with Plaintiff that Defendants have not demonstrated the relevance of this discovery, particularly where the potential burden to Plaintiff in exposing its customer lists to Defendants may be significant. Defendants have not explained how knowing the names of Covance's customers or obtaining all documents "relating to or referencing" them helps prove Plaintiff and InClin are not direct competitors, or how this information is otherwise of particular importance in resolving the issues in this litigation. Given the potential risk and burden to Plaintiff, and without some more concrete articulation of relevance by Defendants, the Court denies Defendants' request to compel Plaintiffs' response to Interrogatory 11 and Request for Production 42.

**B.     Interrogatory 23 and Request for Production 47**

Plaintiff alleges it has suffered damages as a result of Defendants' actions. Compl. ¶¶ 39, 48, 53, 60, 65. Defendants argue damages are an element of each of Plaintiff's claims, but that Plaintiff has objected to stating and itemizing the alleged damages and to producing documents relating to damages on the grounds that such discovery is "premature" and its damages information is confidential. Ltr. at 2.

The Court notes that Plaintiff opposed any request to phase discovery prior to mediation, and the parties did not request to bifurcate issues, claims, or defenses. Jt. Case Management Stmt. at 4, 6. The Court further notes that factual discovery closes in just over three weeks, and trial is scheduled to begin in March 2017. *See* Minute Entry, Dkt. No. 35. Under these circumstances, it is unclear to the Court how damages discovery could be "premature." The Court grants Defendants' request to compel Plaintiff's response to Interrogatory 23 and Request for Production 47. Plaintiff may qualify its responses as necessary to reflect that it reserves the right to amend its response based on its analysis of documents produced by Defendants and the testimony of an expert witness, but it must provide the information currently in its possession.

**C.     Request for Production 6**

In paragraph 16 of the Complaint, Plaintiff alleges Davies had access to a variety of its confidential information and trade secrets, which "is central to Plaintiff's competitive advantages in its industry and is extremely valuable to Plaintiff." Defendants request Plaintiff produce "[a]ll

4

1  contribution margins, billing guides, costing guides, marketing information, customer pricing
2  models or 'other sensitive and useful customer information,' to which DAVIES allegedly had
3  access in her role as a Contract Analyst." Reqs. & Resps. at 7-8. Defendants contend Plaintiff has
4  not produced any responsive discovery, withholding documents on the basis that they are
5  confidential and providing the information is unduly burdensome. Defendants argue they need
6  this information to determine whether it is, in fact, confidential or protectable as a trade secret.
7  Ltr. at 2.

8  Plaintiff disagrees with Defendants' representations, arguing it has produced "all
9  information, of which it is currently aware, that Davies misappropriated." Ltr. at 4. Because
10 Defendants' request seeks information that Plaintiff does not allege was misappropriated, Plaintiff
11 argues it is overbroad and unduly burdensome. *Id.* The Court agrees, and denies the request to
12 compel Plaintiff to respond to Request for Production 6.

13 Should Plaintiff discover additional information that Davies misappropriated and fail to
14 produce it by the discovery deadline, Defendants may request an order from the presiding judge
15 prohibiting Plaintiff from using the late-disclosed information to support its claims.

**D.   Request for Production 8**

17 CUTSA makes unlawful the "misappropriation" of "trade secrets." Cal. Civ. Code § 3426,
18 et seq. "Trade secrets" are defined as "information, including a formula, pattern, compilation,
19 program, device, method, technique, or process, that: (1) Derives independent economic value,
20 actual or potential, from not being generally known to the public or to other persons who can
21 obtain economic value from its disclosure or use; and (2) Is the subject of efforts that are
22 reasonable under the circumstances to maintain its secrecy." *Id.* § 3426.1(d). Plaintiff bears the
23 burden of proving the information Defendants misappropriated was a trade secret. *See Language*
24 *Line Servs., Inc. v. Language Servs. Assocs., Inc.*, 944 F. Supp. 2d 775, 779 (N.D. Cal. 2013) ("A
25 plaintiff asserting a trade secret misappropriation claim under [CUTSA] bears the burden of
26 proving each element of the claim as to each trade secret. [Citations.] . . . [A] plaintiff must
27 'demonstrate (1) the plaintiff owned a trade secret . . . .'").
28 In setting forth its CUTSA claim, Plaintiff alleges it incurred "much effort and expense" in

5

assembling its alleged trade secrets and confidential information. Compl. ¶ 16; *see also id*. ¶ 32 ("Covance's Trade Secrets derive independent economic value from not being generally known to the public or to competitors....[; the] Trade Secrets would have substantial value if acquired by any competitor or third party, as they would allow [them] to obtain the benefits of Covance's research and customer pricing models without having to invest the substantial amount of time and resources that Covance has already invested.") Defendants contend Plaintiff has refused to produce any documents supporting or substantiating this "effort and expense," on the ground the information is confidential and the request is unduly burdensome, disproportionate and premature. Ltr. at 2. Plaintiff argues this request is vague, overly broad, and unduly burdensome. *Id.* at 4.

Defendants are entitled to challenge one of the elements of Plaintiff's CUTSA claim: that the information at issue is a trade secret because Plaintiff has derived independent economic value from keeping the information from being generally known to others. Defendants, however, do not need "*[a]ll* documents which relate to or refer to the 'effort and expense' incurred by Covance in assembling the trade secrets and other confidential information referenced" in the Complaint (Reqs. & Resps. at 9-10 (emphasis added)) to do so. Defendants are entitled to those documents Plaintiff will use to establish that the information Plaintiff contends was misappropriated qualifies as trade secrets under CUTSA. The Court accordingly grants the request to compel in part; Plaintiff shall produce those documents it contends show Covance incurred effort and expense in assembling the trade secrets and confidential information. The Court overrules the prematurity and confidentiality objections: discovery closes this month, and the Stipulated Protective Order addresses Plaintiff's confidentiality concerns.

**E.    Attorneys' Fees & Costs**

The Court, in its discretion, denies Defendants' request for attorneys' fees and costs. *See* Fed. R. Civ. P. 37(a)(C) ("If the motion is granted in part and denied in part, the court *may* . . . apportion the reasonable expenses for the motion." (emphasis added)).

## CONCLUSION

For the reasons stated above, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' request to compel as stated and **DENIES** Defendants' request for attorneys' fees and

costs. Plaintiff shall produce the information and documents described above within two weeks of the date of this Order.

**IT IS SO ORDERED.**

Dated: October 7, 2016

_____
MARIA-ELENA JAMES
United States Magistrate Judge