| | |
|---|---|
| KELLEY DRYE & WARREN LLP<br>  Kathryn A. Visosky (Bar. No. 246438)<br>  David E. Jang (Bar No. 258914)<br>10100 Santa Monica Boulevard, 23rd Floor<br>Los Angeles, California 90067-4008<br>Telephone: (310) 712-6100<br>Facsimile: (310) 712-6199<br>kvisosky@kelleydrye.com<br>djang@kelleydrye.com | LAW OFFICES OF DAVID DORNBLASER<br>  David Dornblaser (Bar No. 200566)<br>2000 Alameda de las Pulgas, Suite 242<br>San Mateo, CA 94403<br>Telephone: (408) 209-5879<br>Facsimile: none<br>dd@dornblaser.net |
| KELLEY DRYE & WARREN LLP<br>  Robert I. Steiner (*admitted pro hac vice*)<br>101 Park Avenue<br>New York, NY 10178<br>Telephone: (212) 808-7533<br>Facsimile: (212) 808-7897<br>rsteiner@kelleydrye.com<br><br>*Attorneys for Plaintiff Covance Inc.* | MCGUIREWOODS LLP<br>  Joel H. Spitz (*admitted pro hac vice*)<br>  Michael R. Phillips (*admitted pro hac vice*)<br>77 W Wacker Drive, Suite 4100<br>Chicago Illinois 60601<br>Telephone: (312) 849-8100<br>Facsimile: (312) 849-3690<br>jspitz@mcguirewoods.com<br>mphillips@mcguirewoods.com |
| | MCGUIREWOODS LLP<br>  Michael D. Mandel (State Bar No. 216934)<br>1800 Century Park East, 8th Floor<br>Los Angeles, CA 90067<br>Telephone: (310) 315-8200<br>Facsimile: (310) 315-8210<br>mmandel@mcguirewoods.com<br><br>*Attorneys for Defendants* |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| COVANCE INC., a Delaware corporation,<br><br>            Plaintiff,<br><br>       v.<br><br>INCLIN, INC., a California corporation; HOPE DAVIES, an individual; and DOES 1-50, inclusive,<br><br>            Defendants. | CASE NO. 4:16-CV-00429-YGR<br><br>[PROPOSED] **STIPULATED ORDER**<br><br>**\*AS MODIFIED BY THE COURT\*** |

727123                          [PROPOSED] STIPULATED ORDER

**WHEREAS**, on January 25, 2016, Plaintiff Covance Inc ("Covance") commenced this action against Defendants InClin, Inc. ("InClin") and Hope Davies ("Davies," collectively with InClin, "Defendants") in the United States District Court for the Northern District of California, on the grounds that Davies had, among other things, misappropriated trade secrets, confidential, and/or proprietary information belonging to Covance in violation of her contractual, statutory and common law obligations; and

**WHEREAS**, the parties have agreed to a full and final settlement of their dispute which includes a Confidential Settlement Agreement and the entry of the within Permanent Injunction by Consent (the "Order").

**UPON AGREEMENT OF THE PARTIES, IT IS HEREBY ORDERED THAT:**

1. Davies and InClin, along with InClin's officers, directors, and employees, are enjoined and restrained from using or disclosing any Confidential Information of Covance which they obtained from Davies or any other former Covance employee, including the Former Covance Employees identified in the Complaint. Confidential Information shall mean Information as defined in Davies' Confidentiality and Restrictive Covenant Agreement (attached as Exhibit A, hereto)[1] and shall specifically include, without limitation, any documents concerning Covance's business or business practices that Davies e-mailed to her personal e-mail account from her Covance e-mail account.

2. Nothing in this Order shall preclude InClin from using any Covance Confidential Information that InClin has lawfully received or will receive pursuant to a valid non-disclosure agreement. InClin's use of such Confidential Information of Covance shall be subject to the terms

---

[1] "Information" in the Confidentiality and Restrictive Covenant Agreement is defined as "trade secrets or information which has been created, discovered, developed by or become known to Covance, or which property rights have been or will be conveyed to Covance, all of which has value to Covance, all of which has value to Covance (collectively, 'Information'). This Information includes: (1) sales, costs, customers, employees, products, services, apparatus, equipment, processes, formulae and marketing information, (2) the organization, business or finances of Covance, and (3) any information that I know Covance would like to treat as confidential for any purpose."

of any such applicable non-disclosure agreement.

3. If at any time, Covance believes that InClin or Davies are in violation of the Order, Covance shall give notice of the alleged violation to InClin and Davies. InClin and Davies shall have fifteen (15) business days in which to investigate and respond to the allegations prior to Covance instituting any action for contempt or other relief.

4. This Court shall retain jurisdiction over this matter for purposes of enforcing this Order for a period of three (3) years from the date of this Order.

DATED: December 5, 2016          KELLEY DRYE & WARREN LLP
  Robert I. Steiner (*pro hac vice*)
  Kathryn A. Visosky
  David E. Jang

By  /s/ Robert I. Steiner
    Robert I. Steiner
  *Attorneys for Plaintiff Covance Inc.*

DATED:  December 5, 2016         LAW OFFICES OF DAVID DORNBLASER
  David Dornblaser

MCGUIRE WOODS LLP
  Joel H. Spitz (*pro hac vice*)
  Michael R. Phillips (*pro hac vice*)
  Michael D. Mandel

By  /s/ Michael R. Phillips
    Michael R. Phillips
  *Attorneys for Defendants*
  *InClin, Inc. and Hope Davies*

**PURSUANT TO THE STIPULATION, IT IS SO ORDERED.**

The Court further **VACATES** all pending motion, case management, and trial dates. A compliance hearing shall be held on the Court's **9:01 a.m.** calendar on **Friday, January 6, 2017**, in the Federal Building, 1301 Clay Street, Oakland, California, Courtroom 1.

By **December 30, 2016**, the parties shall file either (i) a Stipulation of Dismissal or (ii) a one-page JOINT STATEMENT setting forth an explanation regarding the failure to comply. If compliance is complete, the parties need not appear and the compliance hearing will be taken off calendar.

Telephonic appearances will be allowed if the parties have submitted a joint statement in a timely fashion.

DATED: December 5, 2016

_____
Hon. Yvonne Gonzalez Rogers
United States District Judge